**FAAMAO TIUMALU of Fagatogo, Appellant**

v.

**TAIMANE TIUMALU of Fagatogo, Appellee**

No. 9-1956

High Court of American Samoa

Civil Jurisdiction, Appellate Division

[Matai Name: "Tiumalu" of Fagatogo]

April 20, 1956

ARTHUR A. MORROW, *Chief Justice;* MALEPEAI, *Associate Judge;* and MULITAUOPELE T., *Temporary Associate Judge.*

OPINION AND ORDER OF AFFIRMANCE

Heard at Fagatogo on April 3, 1956 before Morrow, *Chief Justice*, Malepeai, *Associate Judge*, and Mulitauaopele T., *Temporary Associate Judge.*

M. Tuiasosopo, counsel for Appellant.

S. Lutu, counsel for Appellee.

MORROW, *Chief Justice*

This is an appeal from a decree of the Trial Division of the High Court awarding the matai title Tiumalu of Fagatogo to appellee Taimane.

The ground of appeal set out is that the trial court erred in its finding that Taimane prevailed over Faamao on the issue of the "value of the holder of the matai name to the Government of American Samoa" with the result that the title was awarded to the appellee instead of to the appellant. The finding that Taimane would be of greater value to the Government as the holder of the name than would Faamao was a finding of fact.

■ The statute governing the powers of the Appellate Division on appeal in civil cases reads as follows: "The Appellate Division of the High Court on appeal . . . shall have power to affirm, modify, set aside, or reverse the judgment or order appealed from or reviewed and to remand the case with such directions for a new trial or for the entry of judgment as may be just. The findings of fact of the Trial and Probate Divisions of the High Court in cases tried by them shall not be set aside by the Appellate Division of that court unless clearly erroneous, but in the case of appeals from the district courts the Appellate Division of the High Court may review the facts as well as the law. . . ." Section 213 of par. 10 of Amendments, Nos. 11–59, 1952 to the A. S. Code. Under the statute the decree (a decree is a judgment) appealed from must be affirmed unless the Appellate Division finds that the finding of fact by the Trial Division was "clearly erroneous."

■ It was argued before us that age brings respect and that, therefore, Faamao, being 62 years of age, would be more valuable to the Government as the matai than would Taimane who is 49. There are many matais in American Samoa much younger than 49; and they are the matais of Samoan families who could easily have selected old men

504

from their membership, but did not because they believed that the younger men would make the better matais. Age and ability do not necessarily go together; neither do youth and inability. There are governors of states in the United States under 50. Theodore Roosevelt became the President of the United States when he was 43. True, age may bring respect in Samoa as it does elsewhere but many people, including many matais, under 49 are high respected. The very distinguished counsel who made the argument for appellant Faamao is only 50 (one year older than Taimane) at the present time, yet he has been a distinguished and respected matai for many years. He was Speaker of the House of Representatives and later President of the Senate before he was 49. He was selected by Samoans for those positions, and he would not have been selected unless he had commanded their respect; their highest respect in fact. All of which proves that a person under 50 may be respected in Samoa as well as a person over 50.

■ True the lower court found that Faamao prevailed over Taimane on the issue of forcefulness, personality and capacity for leadership and it is apparent that usually the candidate who prevails on this issue will make the better matai and be of the most value to the Government. But this is not always the case. The court found that Faamao prevailed over Taimane on this issue by a narrow margin only. It also found that it had been the custom in the Tiumalu Family for many years to alternate the mataiship between Taimane's branch and Faamao's branch and that Faamao's branch had had the last holder of the title (Tiumalu Male, who was Faamao's brother) and that the attempt by Faamao to get the title for himself in violation of the practice had caused much bitterness toward him on the part of the people in Taimane's branch. The Court stated that it believed from the evidence that even though

505

Faamao, if awarded the title, might be able to unify the family on the surface "yet the underlying discord because of the feeling that it is Taimane's branch's turn to have the title" would "not disappear." The lower court also believed from the evidence that Taimane was "a kind woman" and could easily "win the good will of all the Family, even the good will of Faamao himself." Then the Court said that, "We think that she (Taimane) can unify the Family more readily than can Faamao because of the circumstances of this case." And it further said, "We think from the evidence that Taimane, who is much nearer the prime of life than is Faamao, will in the long run be of greater value to the Government as the holder of the Tiumalu title than would Faamao. We hold that Taimane prevails over Faamao on the fourth issue."

■ It is obviously better for the Government for a Samoan family to have a matai who can serve for many years than to have a matai who can serve for only a few years. A vacancy in the title frequently causes trouble in a Samoan family just as it has this time in the Tiumalu Family. However, this is the first time in the history of the Tiumalu Family that the Court has had to determine who shall be the matai.

We cannot say in the light of the evidence that the finding of fact by the Trial Division that Taimane would be of more value to the Government as the holder of the Tiumalu title than would Faamao was "cleary erroneous." It is our opinion that upon the evidence such finding was not "clearly erroneous" and we so hold.

While it was not set out as a ground for appeal, reference was made by appellant's counsel in his argument to the statement of the Trial Division in its opinion that, "It has been the practice for many years in the Tiumalu Family to alternate the matais between Taimane's branch and Faamao's branch."

Counsel argued that this statement would prevent future Tiumalus from being selected from other branches of the Family than these two, and that in view of this a rehearing of the case would "give this family (we presume counsel meant the other branches of the family) an opportunity to be protected from being cut off absolutely forever." He intimated that members of the other branches feared that they would be cut off.

 We think fear by a part (the branches other than Taimane's and Faamao's) of the Family of being "cut off absolutely forever" is groundless. The title belongs to *all* branches of the Tiumalu Family, not just to Taimane's branch and Faamao's branch. Regardless of what the practice has been in the past with respect to alternating the mataiship between those two branches, the Family can change the practice at any time it sees fit to do so. By filing an objection to Taimane's being registered as the holder of the title, Faamao tried to change the practice. If he regards the practice as binding, why then did he try to change it? Of course when the Court awards a matai title under Sec. 933 of the Code it is not bound by any prior practice of the family, but only the statute. A practice is not a contract. There was no intimation in the Trial Division's opinion that there was a binding contract within the Tiumalu Family to give the title to a member of Taimane's branch and then to Faamao's, and so on alternating. Furthermore any such contract, even if it existed, could not possibly be binding upon future members of the Family. The members of this generation could not make a contract binding on unborn members of future generations. The title belongs to the whole of the Tiumalu Family, to *all* the branches, not just to Taimane's branch and Faamao's branch. The next time there is a vacancy in the title, the Family can bestow it on any eligible member regardless of what branch he belongs to, whether to Faamao's, Taimane's or one of the other

branches. It is only when there are rival claimants for the title and the mataiship must be decided by the court that the family itself is unable to bestow the title. In such case the court must make the decision in accordance with the provisions of Sec. 933 of the A. S. Code, as amended.

It should not be forgotten that a matai title belongs to *all* the family, not to any particular branch or branches. Neither does it belong to the matai himself. He is merely the holder of it for the time being, and when a vacancy occurs the family can, as above stated, bestow the title upon *any* eligible person they wish to regardless of any prior practice.

Normally, we would not have noticed the statement of counsel to the effect that members of the Tiumalu Family belonging to branches other than Taimane's and Faamao's feared that the decision of the Trial Division might cut them off from the mataiship in the future, this matter not being set out as a ground of appeal. However, under the circumstances we thought that they should be assured that the decision would have no such effect.

### ORDER

It is ORDERED that the decree of the Trial Division awarding the title Tiumalu of Fagatogo to Taimane be and the same is hereby affirmed.

Costs in the sum of $12.50 are hereby assessed against Faamao, the same to be paid within 30 days.